REDMANN, Judge.
The Parish of Jefferson and its insurer were among the defendants in this suit, our No. 3593, by guest passengers of a volunteer fireman, but were dismissed by the summary judgment from which plaintiffs appeal.
There is a companion suit by passengers in the car which collided with the fireman’s car, docketed as our No. 3592. We find no order of appeal or bond and counsel for plaintiffs there made no appearance in this court, and thus we merely order that record returned with our No. 3593 to the trial court.
We pretermit the unargued question of governmental immunity and its waiver, Const, art. 3, § 35.
Plaintiff’s argument is that the parish is obliged to provide fire protection throughout the parish, and does so outside of Ken-ner through six Fire Protection Districts, and “to fulfill its obligation in Kenner has since 1949 paid $675 a month to the Ken-ner Volunteer Fire Co., Inc., of which plaintiffs’ driver was a member on his way to a fire. Thus, say plaintiffs, the Volunteer Company “is the paid agent” of the parish, as further proven by the agreements between the several fire chiefs for mutual aid when circumstances require. Then, citing Monetti v. Standard Oil Co., *663 195 So. 89 (La.App.1940), to rebut the obvious independent contractor reply, plaintiffs claim the parish had the right and authority to control the Volunteer Company which had the right and authority to control its member, plaintiffs' driver, for whose negligence the parish is therefore liable.
Plaintiff cites no authority obliging a parish to afford fire protection, and we find none. LSA-Const. art. 14, § 14(d-l) and R.S. 40:1492 authorize but do not require parishes to establish fire protection districts, which are themselves subdivisions of the State.
Nor, even assuming the parish paid the Volunteer Company to provide fire protection in Kenner (which has its own paid fire department), can we say the Company is merely the servant-like agent of the parish as was the situation in Monetti. There the court pointed out, at 195 So. 91, the “agent” was merely employed to manage a gasoline station, and subject to discharge at will, and in no sense an independent contractor. The element of control is the test Monetti states. There is no evidence whatsoever that the parish controls the Volunteer Company, much less the individual volunteer in his private car on his way to volunteer his services to help the paid city fire department fight a fire. Indeed the evidence is unrebutted that the individual volunteer is at liberty to go or not to go to any particular fire as he alone sees fit, making it plain that not even the Volunteer Company controls him. Plaintiffs argue the $675 monthly payment would not be made if the Company did not assist at fires, and that the payment requires such assistance and in that sense controls the Company. We think it obvious that it is not the $675 payment, for equipment and an occasional social, which brings 40 men from their homes and jobs to fight fires, and that the parish cannot take either credit or blame for the presence (or efforts to be present) of the Kenner Volunteer Fire Co., Inc.
Plaintiffs cite Oliphant v. Town of Lake Providence, 193 So. 516 (La.App.1939), as holding lack of pay does not prevent agency. The case held the Town not liable, as the Supreme Court had decreed on certificate, 193 La. 675, 192 So. 95, 104 (1939); only the omnibus auto liability insurer was held liable. Even so, lack of pay is not the problem here. The parish is not responsible for the volunteer fireman’s negligence, not because it was not paying him, but because he was not doing anything under parish control or in furtherance of the parish’s business.
We have examined the record and considered the briefs of counsel, but find no legal basis to hold the parish or its Insurer liable. The judgment appealed from is affirmed.