707 So.2d 1016 (1998)
Jane MATLOCK
v.
Edward M. HANKEL, Colonial Penn Insurance Group, Fort Pike Volunteer Fire Department, ABC Insurance Co., and the City of New Orleans.
No. 96-CA-1838.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1998.
Writ Denied April 24, 1998.
*1017 Jacqueline Mae Goldberg, David I. Bordelon, New Orleans, for Plaintiff/Appellant Jane Matlock.
Charles E. McHale, Jr., New Orleans, for Defendant/Appellant Fort Pike Volunteer Fire Department.
Angelique A. Reed, Assistant City Attorney, Marie A. Bookman, Deputy City Attorney, Nolan P. Lambert, Chief Deputy City Attorney, Avis Marie Russell, City Attorney, New Orleans, for Defendant/Appellee City of New Orleans.
Before ARMSTRONG, PLOTKIN and WALTZER, JJ.
ARMSTRONG, Judge.
This is a personal injury case brought by a pedestrian struck by a vehicle. The vehicle was driven by a volunteer fireman and he struck the pedestrian as he arrived at the scene of a fire. The pedestrian settled with the volunteer fireman and his insurer, but the case was tried against the Fort Pike Volunteer Fire Department ("FPV") and the City of New Orleans' Fire Department ("NOFD"). The trial court, after a bench trial, found FPV, but not NOFD, vicariously liable for the fault of the volunteer fireman and found no comparative fault of the plaintiff. The plaintiff appeals the trial court's finding of no vicarious liability of NOFD and the FPV appeals the trial court's finding of no comparative fault of the plaintiff and the finding of vicarious liability of FPV. No party contests the volunteer fireman's negligence nor is there any challenge to the quantum of damages. We reverse the trial court's determination of no vicarious liability of NOFD and otherwise affirm the judgment of the trial court.
*1018 Edward M. Hankel, Sr., who was a volunteer fireman with FPV, drove to the scene of a fire in his own vehicle. The plaintiff, Jane Matlock, lived in a "camp" (i.e. a house) about four camps from a camp which was on fire. It was evening, already dark, and there was a strong wind and a great deal of smoke. Because of the wind and flammable weeds between the camp which was on fire and her own camp, Ms. Matlock was concerned that she might have to evacuate her camp and went out to see whether the fire was a threat. She walked alongside the road on which both her camp and the camp on fire fronted. The two camps were a couple of hundred feet apart and she stopped alongside the road about halfway between the two camps. About that time, Mr. Hankel, driving up on the same road alongside which Ms. Matlock was standing, arrived at the scene of the fire. Mr. Hankel pulled off onto the side of the road to park his vehicle. His vehicle struck Ms. Matlock injuring her.
We first address the issues of vicarious liability. The plaintiff appeals the trial court's determination of no NOFD liability and FPV appeals the finding of its liability. We address these two issues together.
FPV is a non-profit corporation. It has a regular membership as all volunteer firemen must be approved. FPV has a Fire Chief and owns a fire house where fire engines are stationed and where FPV conducts training sessions for its volunteer firemen. FPV supplies its volunteer firemen with helmets, boots and coats for fire fighting. Although FPV is a separate legal entity from NOFD, there is a close working relationship between the two organizations. NOFD, at no charge to FPV, supplies the fire engines used by FPV and supplies fuel and maintenance for those fire engines. NOFD pays for electricity, phone service and other expenses of FPV's fire house. NOFD sends its personnel to train FPV volunteer firemen at FPV's fire house and FPV volunteer firemen also attend training at NOFD's fire academy. NOFD dispatchers dispatch the FPV to fires and probably dispatched the FPV to the fire at which the accident in question occurred. Perhaps most important to the issue of vicarious liability, both FPV and NOFD have control over volunteer firemen at fires. The FPV's Fire Chief or other senior person present is in charge but, if NOFD also is present at a fire, as it was at the fire involved in the present case, then the NOFD's Captain or other senior person is in charge.
NOFD is obligated to provide fire protection to the Fort Pike-Lake Catherine area but, because of the isolated location, and a draw bridge which can delay NOFD fire response, FPV assists to ensure fire protection there. In an interrogatory answer, NOFD stated that FPV "works for" NOFD and that NOFD "is in charge at all Fires."[1]
A "master" is vicariously liable for the torts of a "servant" if such torts occur within the course and scope of the servant's employment. La. Civ.Code art. 2320. Various factors can be considered in deciding whether a master servant relationship is present, but we have held that:
The most important test involves the employer's control over the work. Whether the employer exercises control or supervision over the movements and services rendered by the employee is not determinative. The crucial question centers on the employer's right to exercise control.
Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 584. Accord Price v. Louisiana Dept. of Transp. and Development, 608 So.2d 203, 210 (La.App. 4 Cir. 1992), motion to withdraw application granted, 613 So.2d 985 (La.1993). The fact that Mr. Hankel, as a volunteer fireman, was not paid for his services does not prevent there being a master-servant relationship. Doe v. Roman Catholic Church for the Archdiocese of New Orleans, 615 So.2d 410, 415 (La.App. *1019 4 Cir.), writ denied, 618 So.2d 412, 413 (La. 1993); Whetstone v. Dixon, 616 So.2d 764, 770-72 (La.App. 1 Cir.1993) writs denied, 623 So.2d 1333 (La.1993). We think it readily apparent, based upon our above recitation of the relevant facts (which are essentially uncontested), that Mr. Hankel was subject to the control of both FPV and NOFD when he responded to a fire. That, along with the other facts that we have recited above as to the relationship of FPV to its volunteer firemen, and the relationship of FPV and NOFD, leaves us with the firm, definite conviction that Mr. Hankel was a servant of both FPV and NOFD.
We also are firmly convinced that Mr. Hankel was acting within the course and scope of his employment with FPV and NOFD at the time his vehicle hit Ms. Matlock. FPV points out that Mr. Hankel was just arriving at the fire scene at the time his vehicle struck Ms. Matlock and that, usually, employees on their way from home to work are not considered to be within the scope and course of their employment. However, we do not believe that the response of a volunteer fireman to a fire is equivalent to an ordinary commute to work. The Supreme Court, in Orgeron, on Behalf of Orgeron v. McDonald, 93-1353 pp. 5-8 (La.7/5/94), 639 So.2d 224, 227-28 has held that the "going and coming rule," under which an employee's travel from home to work and back is not usually considered to be within the course and scope of his employment, is not inflexible when the employee does not work on the employer's premises or have a fixed place of work. In Orgeron, the Supreme Court, based upon the time constraints imposed on an employee to report to a particular (non-employer premises) location to work and the emergency nature of the assignment, held that an employer's automobile accident while he was on his way to work occurred within the course and scope of his employment. While the facts of the present case are very different from those of Orgeron, the present case does include the elements of time constraint on Mr. Hankel's travel and an emergency situation. Apparently, FPV volunteer firemen were expected to respond to fires directly from their homes (Mr. Hankel had his helmet, fire coat and gloves at home) and it is the nature of the situation that they will respond immediately and expeditiously. We believe that, when they so respond to a fire, they are in the course and scope of their employment with FPV and NOFD.
We have considered the case of Wolverton v. City of Kenner, 225 So.2d 662 (La.App. 4 Cir.1969), in which the Parish of Jefferson was found to not be vicariously liable for the tort of a volunteer fireman responding to a fire. However, the crucial facts of Wolverton are entirely different from those of the present case and, in fact, the reasoning of Wolverton supports the conclusion that NOFD is vicariously liable for Mr. Hankel's fault in the present case. Specifically, in Wolverton, the volunteer fireman driver was a member of the Kenner Volunteer Fire Co., Inc. and the City of Kenner also had its own paid fire department. Jefferson parish merely provided a small amount of money to, and apparently had no other involvement with, the Kenner Volunteer Fire Co., Inc. The Wolverton court specifically stated: "There is no evidence whatsoever that the parish controls the Volunteer Company, much less the individual volunteer in his private car on his way to volunteer his services to help the paid city [not parish] fire department fight a fire." 225 So.2d at 663. Of course, based upon the facts we have recited above, NOFD's involvement with and control over FPV is extensive. Moreover, the Wolverton court reasoned: "The parish is not responsible for the volunteer fireman's negligence, not because it was not paying him, but because he was not doing anything under parish control or in furtherance of the parish's business." Id. In contrast, in the present case, NOFD had the right to control Mr. Hankel and he was helping the NOFD discharge its obligation to provide fire protection in the Fort Pike-Lake Catherine area.
Lastly as to the issues of vicarious liability, we have considered the case of Genusa v. Pointe Coupee Volunteer Fire District No. 4, 93 2214 (La.App. 1 Cir. 10/7/94), 644 So.2d 851, in which a volunteer Fire Chief was denied worker's compensation. We believe Genusa is completely inapposite to the present case. Entitlement to worker's compensation benefits is determined by the worker's *1020 compensation statutes whereas vicarious liability for the torts of servants is governed by Article 2320 of the Civil Code and the caselaw applying that article. The fact that the volunteer Fire Chief in Genusa was unpaid was held to render him ineligible for compensation whereas, as we have discussed above, lack of pay does not prevent the existence of a master-servant relationship.
In sum, we conclude that both FPV and NOFD are vicariously liable for the fault of Mr. Hankel.
Next, we turn to FPV's argument that the trial court erred by failing to assess any comparative fault against Ms. Matlock. FPV points out that Ms. Matlock walked to the right of the road as she proceeded from her camp toward the camp which was on fire so that she had her back towards traffic in the right lane of the road. FPV then asserts that Ms. Matlock, by walking on the right side of the road, violated La. R.S. 32:216(B) which statute states:
B. Where sidewalks are not provided, any pedestrian walking along and upon a highway shall, when practicable, walk only on the left side of the highway or its shoulder, facing traffic which may approach from the opposite direction.
However, two key facts must be considered as to this issue. First, Ms. Matlock testified that she was not walking upon the road, or even on the shoulder, but was instead on the grass alongside but completely off of the road. Mr. Hankel testified that Ms. Matlock was on the shoulder of the road when his vehicle struck her, but this conflict in the testimony was for the trial court to resolve. E.g., Syrie v. Schilhab, 96-1027 (La.5/20/97), 693 So.2d 1173; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993). The trial court specifically held that: "The evidence fails to show any negligence of Ms. Matlock for she was not walking or standing illegally either on the roadway or paved shoulder at the time of the accident." Second, Ms. Matlock's camp was on the same side of the road as the camp that was on fire and only about 200 feet away and she wanted to quickly check to see if the fire was a threat to her camp. Arguably, it would not have been "practicable" for Ms. Matlock to have crossed the road to travel such a short distance (she walked only about 100 feet alongside the road) and, in fact, crossing the road in the dark near the scene of a fire, and then recrossing it to return home, arguably would have been more dangerous than walking on the right side of the road. The trial court was not clearly wrong or manifestly erroneous in finding no comparative negligence of Ms. Matlock. Id. FPV also argues that it is immune from liability in this case under La. R.S. 37:1735. That statute provides:
A. Any volunteer fireman who renders emergency or rescue services while in the performance of his duties at the scene of a fire shall not be individually liable for civil damages as a result of acts or omissions in rendering the emergency or rescue services. The immunity provided herein shall apply to all acts or omissions except those intentionally designed to harm or those grossly negligent acts or omissions that result in harm to person or property.
B. As used in this Section, "volunteer fireman" means any person who is a member of an organized volunteer fire department and who acts according to his duties as a fire fighter.
La. R.S. 37:1735 (emphasis added). The use of the phrase "individually liable" in the emphasized portion of the above quotation of the statute makes it clear that, while perhaps Mr. Hankel might have attempted to claim this immunity (an issue we do not decide), FPV cannot.
FPV also raises La. R.S. 9:2793. That statute provides:
A. No person who in good faith gratuitously renders emergency care, first aid or rescue at the scene of an emergency, or moves a person receiving such care, first aid or rescue to a hospital or other place of medical care shall be liable for any civil damages as a result of any act or omission in rendering the care or services or as a result of any act or failure to act to provide or arrange for further medical treatment or care for the person involved in the said emergency; provided, however, such care *1021 or services or transportation shall not be considered gratuitous, and this Section shall not apply when rendered incidental to a business relationship, including but not limited to that of employer-employee, existing between the person rendering such care or service or transportation and the person receiving the same, or when incidental to a business relationship existing between the employer or principal of the person rendering such care, service or transportation and the employer or principal of the person receiving such care, service or transportation. This Section shall not exempt from liability those individuals who intentionally or by grossly negligent acts or omissions cause damages to another individual.
B. The immunity herein granted shall be personal to the individual rendering such care or service or furnishing such transportation and shall not inure to the benefit of any employer or other person legally responsible for the acts or omissions of such individual, nor shall it inure to the benefit of any insurer.
La. R.S. 9:2793 (emphasis added). The emphasized portion of the above quotation of the statute makes it clear that it cannot be raised by FPV.
NOFD raises La. R.S. 9:2793.1(A). That statute provides:
A. No person shall have a cause of action against a public entity or the officers and employees thereof for damage to property at the site of a crime, accident, or fire, including without limitation the destruction or deterioration of property, caused while the officer or employee was acting within the course and scope of his office or employment and while taking reasonable remedial action which is necessary to abate a public emergency, unless such damage was caused by willful or wanton misconduct or gross negligence.
La. R.S. 9:2793.1(A) (emphasis added). The emphasized phrase "for damage to property" makes it clear that this statute does not apply to the present action which is one for personal injury, not property damages.
For the foregoing reasons, we reverse the judgment of the trial court insofar as it finds no liability of the City of New Orleans and we amend the judgment of the trial court to render the City solidarily liable along with the Fort Polk Volunteer Fire Department. The judgment of the trial court is otherwise affirmed.
REVERSED IN PART; AMENDED IN PART AND AFFIRMED AS AMENDED IN PART.
NOTES
[1] The trial court accepted the interrogatory answer as a "proffer" seeming, thereby, to imply that it was not admitted into evidence. However, there was no objection at trial to admission into evidence of the interrogatory answer and absolutely no reason is apparent as to why it would not be admissible. The set of interrogatories was addressed to the City, the answers stated that they were made on behalf of the City, and the Answers were signed by an Assistant City Attorney. If the trial court meant to exclude the interrogatory answer from evidence, then that was error.