Dear District Attorney Reeves:
This office is in receipt of your request for an opinion of the Attorney General in regard to Fire District Number 3, a parish-wide fire district in Winn Parish. You indicate in accordance with R.S. 40:1496 the Winn Parish Police Jury appointed two members to the Board of Commissioners, and each of four of the municipalities in the Parish appointed one, for a total of six commissioners. You ask whether the Police Jury has any responsibility for, control over or liability for the actions of the Board.
As you observe R.S. 40:1495 is pertinent to your inquiry wherein it provides as follows:
 A. If no municipal corporation is included within the boundaries of a district comprising all or part of a single parish, the parish governing authority may be the governing authority of the district or may appoint a board of commissioners to serve as the governing body for the district.
 B. (1) If a municipal corporation is included within the boundaries of a district, or if the boundaries of a district comprise all or part of two or more parishes, the governing body of the district shall consist of a board of commissioners of the district.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * *
The observations of the Louisiana Supreme Court in Bayou Cane FireDept. v. Terrebonne Parish, 548 So.2d 915 (La. 1989) are relevant to your question wherein it states as follows:
 By its express language, Article Vi, Sec 6 applies only to laws that change or affect the operations of a home rule charter government. R.S. 40:1504. on the other hand applies to a fire district, which is a special district created by the legislature under its Article Vi, Sec. 19 powers. When R.S. 40:1504 is viewed in its statutory context, a clear pattern of legislative supervision emerges. R.S. 40:1492 permits parish governing authorities to create fire districts "subject to the limitations and restrictions" imposed by the legislature. R.S. 40:1492(C) expressly states that fire districts created by parishes "are subdivisions of the state," at least for the purpose of laws pertaining to taxation and bonded indebtedness. See also Winn V. City of Kenner, 225 So.2d 662, 663 (La.App 4th Cir. 1969) (fire protection districts are subdivisions of state). R.S. 40:1495 permits, but does not require, a parish governing authority to serve as the governing authority for the fire district as well. R.S. 40:1500
makes fire districts, state created public corporations. * * *.
 There is no merit in the Parish's argument that the governance of Fire District 1, 2, 5 is a purely local matter falling totally within the ambit of its home rule charter powers over purely local affairs. Fire control is a proper function of the State's police power, and Fire District 1, 2, 3 was created by the Parish pursuant to the legislature's grant of this power. The Legislature's decision to permit local governments to create fire districts and, in certain cases, to serve as a district's governing authority, does not render the fire district local home rule entities. * * *.
This office has designated a fire district as a public corporation, special district, and political subdivision of the state, and said in Atty. Gen. Op. No. 89-357 that it was "clear that the fire district has power to operate only in a very limited way and therefore should be classified as a special purpose political sub-division." It has further observed in accordance with Art. VI, Sec. 15, La. Const., that the governing authority's general power over any agency created by it is has, "including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency." Atty. Gen. Op. No 94-281. In this sense the Police Jury has certain control over the Board, but it cannot be said it is responsible for or controls its actions.
In Atty. Gen. Op. No. 93-4 this office recognized that liability of firefighters will only extend to those incidents where damage is caused "by willful and wanton misconduct or gross negligence". Similarly, in Atty. Gen. Op. No. 97-192 it was noted that persons who serve as members of a board, commission or authority of a political subdivision are not individually liable for any act or omission resulting in damage from the exercise of his judgment in the position "unless such damage or injury was caused by his willful or wanton misconduct", nor is the State liable for any damage caused by officers of a political subdivision that occur within the course and scope of official duties for these are not actions of the State but of the political subdivision having power to sue and be sued. It was then conclude the Police Jury would not be responsible for the action of the Port Commissions which are separate political subdivision of the State with full corporate powers.
We find it pertinent to note that while R.S. 42:1441.2 states that laws imposing liability on a master for the offenses of his servants shall not impose liability upon the state for offenses of the designated public officers, it mandates such public officers shall secure general liability insurance coverage on themselves and their officers. R.S. 42:1441.3 then sets forth guidelines for determination of the master of officers of political subdivisions, with reference to R.S. 42:62 for the meaning of "political subdivision" which included a special district authorized by law to perform governmental functions. It further states for the purposes of this part that the specific elected officials and all other elected parochial officials shall be separate political subdivisions.
Inasmuch as R.S. 40:1500 provides that fire protection district "shall constitute public corporations and as such shall have all powers of public corporations, including perpetual existence and the right and power to incur debt and contract obligations, to sue and be sued, and to have a corporate seal", we must conclude that the police jury would not be responsible for the actions of the Board.
We hope this sufficiently answers your request, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr