GULOTTA, Chief Judge.
This is an action by a prison inmate against his former attorney for his alleged failure to prosecute plaintiffs appeal from his criminal conviction. Also named as defendants are the Louisiana State Bar Association (LSBA) and its legal counsel, who allegedly failed to investigate plaintiffs complaints about the attorney. From judgments dismissing the claims against all defendants on exceptions of no cause of action and a motion for summary judgment, plaintiff appeals. We affirm.
Warren Herbert, an inmate at Louisiana State Prison in Angola, filed suit on April 22, 1987, against his former attorney, Martin Regan. Plaintiff alleged that Regan had deliberately failed to prosecute plaintiffs criminal appeal and to return $4,000.00 plus interest that plaintiffs brother had paid him as a fee. Plaintiff demanded a refund of the money with interest, as well as costs and an “injunction and declaratory relief.” Herbert also sued the LSBA and its staff attorney, Cheri A. Cotogno, alleging that they had failed to take disciplinary action against Regan. Herbert asked that the LSBA be ordered to investigate the matter and that he recover damages for “mental anguish” in the amounts of $6,000.00 and $2,000.00 “from defendants Cotogno and the Bar Association”.
After a hearing on June 19, 1987, the trial judge maintained Regan’s exceptions of no cause of action and motion for summary judgment, dismissing plaintiff’s suit. On the same day, he also granted the LSBA and Cotogno’s exceptions of lack of subject matter jurisdiction and no cause of action.
In his motion for appeal, plaintiff complains of the “action on 6/19/87 dismissing plaintiff’s complaint for no right for [sic] cause of action.” It is difficult to ascertain whether plaintiff is referring to the judgment in favor of Regan, or the judgment in favor of the LSBA and Cotogno, though it appears from his argument in brief that the appeal is directed primarily against Re-gan. Nonetheless, because plaintiff has filed his appeal in proper person, we will consider the arguments as directed against both judgments and all defendants.
According to plaintiff, summary judgment dismissing his claims against Regan was erroneous since there exist genuine issues of material fact. Plaintiff argues that Regan was employed to file his crimi *1159 nal appeal, not merely to review the trial transcript. According to plaintiff, because Regan never filed the appeal and did not return the $4,000.00 fee until after plaintiff filed this civil action, the attorney breached his contract with his client. We disagree.
In support of his exceptions and motion for summary judgment, Regan maintained that after reviewing the transcript of plaintiff’s criminal trial he had declined to represent plaintiff and refunded the entire fee. Regan argued that Herbert’s appeal had already been lodged by another attorney and, as a result, plaintiff had incurred no damage.
The undisputed facts support the trial court’s judgment of dismissal. In a handwritten receipt for the $4,000.00 check of October 21, 1985, which he received from plaintiff’s brother on October 21, 1985, Re-gan agreed “to put forth his best efforts” on behalf of Warren Herbert at all stages of his appeal. In his affidavit, Regan stated that he had been retained “to investigate the efficiency of” and prosecute the appeal. By letter of May 15, 1987, Regan returned the entire $4,000.00 fee to plaintiff via the Office of Mental Health and Substance Abuse in Jackson, Louisiana. Also included in the record is a photo copy of a cashier’s check payable to plaintiff and his brother Percy in the amount of $4,000.00. In a separate letter to plaintiff’s brother, Regan stated that after “extensive review” of the records and trial transcript, he had found “no viable issues” to appeal, and that another attorney, Dwight Doskey, had already taken an appeal for errors patent review.
Based on the pleadings, Regan’s affidavit, and the documents in the record, we find no genuine issue of material fact and conclude that the trial judge properly granted Regan’s motion for summary judgment. Regan refunded the full amount of the fee after concluding that an appeal would be fruitless. Under these circumstances, though a year and a half elapsed between the time of the payment and its return, a complete refund was made without charge for the attorney’s investigation and evaluation of the case. Accordingly, we find no error.
We likewise find no error in the judgment maintaining the bar association and its staff attorney’s exceptions.
The LSBA’s declinatory exception under LSA-C.C.P. Art. 925(6) for lack of subject matter jurisdiction is supported by LSA-Const. Art. V, § 5(B), which provides that exclusive and original jurisdiction over all disciplinary matters involving members of the Bar and the LSBA rests with the Supreme Court. Rule XIX of the Louisiana Supreme Court Rules further states that Article XV of the Articles of Incorporation of the LSBA’s articles shall govern “all matters” concerning the discipline and disbarment of Bar members. This article provides that the Committee on Professional Responsibility and its counsel shall investigate and take appropriate action on Bar complaints. Thus, the handling of complaints concerning attorneys is a quasi-judicial function under the original and exclusive jurisdiction of the Louisiana Supreme Court. Based on the constitutional article and these pertinent provisions, we conclude that the trial judge correctly maintained the exception of lack of subject matter jurisdiction.
Furthermore, even assuming the trial court had jurisdiction of the claims against the LSBA and its counsel, Article XV, § 13 of the LSBA’s articles of incorporation provides that disciplinary committee members, counsel, investigators, and staff “shall” be immune from suit regarding their conduct in the course of their official duties. In the instant case, because the LSBA and its counsel acted within the course of their official duties in response to plaintiff’s complaints against Regan, the trial judge was correct in concluding that plaintiff had no cause of action against them for civil damages.
Accordingly, the judgment is affirmed.
AFFIRMED.