877 So.2d 259 (2004)
Martha E. ALSTON, Plaintiff-Appellant,
v.
Ron Christopher STAMPS, Defendant-Appellee.
No. 38,628-CA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2004.
*260 Martha E. Alston, In Proper Person.
Sheva M. Simms, for Appellee.
Before CARAWAY, PEATROSS and DREW, JJ.
CARAWAY, J.
The plaintiff in this case is a disbarred lawyer who was employed by defendant in his law firm. After the plaintiff's employment ended, defendant reported alleged acts of plaintiff's misconduct to the Louisiana Attorney Disciplinary Board ("Board") and to the police. Plaintiff responded by filing this suit for malicious prosecution. Following a hearing on exceptions filed by the defendant, the trial court dismissed this suit. For the following reasons, we affirm.

Facts
Martha E. Minnieweather Alston ("Alston") filed this suit against Ron Christopher Stamps ("Stamps"), alleging damages arising from the circumstances of her former employment at Stamps' law firm. Alston is a disbarred lawyer. See, In re Minnieweather, 94-1782 (La.12/9/94), 647 So.2d 1092. She was hired by the firm in 1998 in the capacity of office manager/secretary and/or paralegal.[1]
The petition alleges that after Alston left the law firm, Stamps notified the Board by letter dated June 13, 2000, of Alston's conduct at the firm. The purpose of the letter was "to report potential unauthorized practice of law and/or theft of clients' *261 funds," which allegedly occurred while Alston was employed by the law firm. On June 19, 2000, Stamps also reported the alleged theft of funds from the firm by Alston to the Shreveport Police Department.
On March 14, 2001, the Board responded to Stamps' complaint by pointing out that, "[i]f and when a disbarred attorney makes application for readmission, he or she bears the burden of proving by clear and convincing evidence that he or she has not engaged nor attempted to engage in the unauthorized practice of law during the period of disbarment." Nevertheless, the Board advised that the evidence submitted by Stamps in his complaint to the Board "was not clear and convincing that Ms. Minnieweather engaged in ethical misconduct and violated the Rules of Professional Conduct ... [a]ccordingly, no formal disciplinary action is appropriate and your complaint is dismissed."[2]
In 2002, Stamps was notified pursuant to the Board's procedure of Alston's application for readmission to practice law. In response, he filed a letter with the Board on June 28, 2002, re-urging his complaints regarding Alston's alleged misconduct with the law firm.
Alston's petition as supplemented and amended alleged that Stamps acted in a malicious and defamatory way, and falsely accused her of fraudulent conduct, resulting in both injury to her reputation in the community and in her occupation. The substance of her charges are best set forth in the following paragraphs of her first supplemental and amending petition:
24.
After filing a Complaint with the Office of Disciplinary Counsel on June 13, 2000, defendant Stamps filed a false criminal complaint against the petitioner with the Shreveport City Police on June 19, 2000. The same and/or similar allegations were made against the petitioner as those made in the complaint to the Office of Disciplinary Counsel. Stamps offered no evidence to substantiate the criminal complaint, resulting in no action being taken. (See Plaintiff's exhibit # 3).
25.
Then acting with malice, ill will and an intent to cause harm, defendant filed the letter of June 28, 2002, with the Office of Disciplinary Counsel, advancing the same false charges that the Disciplinary Counsel had found without merit in his complaint of June 13, 2000, and the same Criminal charges filed with the Shreveport City Police Department on June 19, 2000, that resulted in no action being taken due to the absence of evidence to support these false accusations. Without doubt, the filing of these multiple false complaints and false criminal charges against the petitioner clearly shows that defendant Stamps has attempted to misuse the legal process by attempting to obtain a result not proper under the law....
26.
Although defendant Stamps is guilty of defamation, it is the acts of Malicious Prosecution, without probable cause and Abuse of Process that is subject of this action. Defendant Stamps has employed the malicious misuse or misapplication of the legal process to accomplish a purpose not warranted by law. Moreover, the filing of multiple false complaints *262 against the petitioner by defendant Stamps constitutes the malicious perversion of the legal process seeking a result not lawfully or properly obtainable under the law.
In response to the suit, Stamps filed "Exceptions of Lack of Jurisdiction and No Right of Action" and the matter was set for a contradictory hearing. After hearing testimony from Stamps and argument, the trial court granted Stamps' exceptions. Additionally, the court sustained an exception of no cause of action on its own motion. It is from this judgment that Alston appeals.

Discussion
We consider the factual assertions contained in Alston's petition as amended to be based upon Stamps' actions in two settings. The first concerns Stamps' letters to the Board. The second concerns his June 19, 2000 report to the police of Alston's alleged theft from the law firm. Although the amended petition made a very general reference to Stamps' false communications to "other members of the community that [Alston] was responsible for [the law firm's] woes," the petition expressly states that defamation is not the subject of the action. Instead, Alston labels the nature of her claim to be one of "malicious prosecution and abuse of process."
The jurisprudence recognizes a civil cause of action, based on fault under La. C.C. art. 2315, in favor of one "whose liberty has been interfered with in an unwarranted manner." Like any other delict under Article 2315, such an "interference" must be based on fault of the defendant which causes the damage complained of in order for the plaintiff to recover. Jones v. Soileau, 448 So.2d 1268 (La.1984).
The unreasonableness of the defendant's actions is the key to determining fault in a malicious prosecution case, just as in any other case based on La. C.C. arts. 2315, 2316. Id. The elements of a malicious prosecution action are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for the original proceeding; (5) the presence of malice therein; and (6) damage resulting to plaintiff. Jones v. Soileau, supra; Plessy v. Hayes Motor Co. Inc., 31,947 (La.App.2d Cir.6/16/99), 742 So.2d 934. Probable cause does not depend merely upon the actual facts of the case, but upon the defendant's honest belief of the facts when making charges against the plaintiff. Plessy, supra. Some courts have held that either an affidavit or bill of information charging plaintiff is necessary for proof of malicious prosecution. Craig v. Carter, 30,625 (La.App.2d Cir.9/23/98), 718 So.2d 1068, writ denied, 98-2698 (La.12/18/98), 734 So.2d 636.
Whether considered under the exception of no cause of action,[3] the exception *263 of no right of action,[4] or the exception of lack of subject matter jurisdiction, the trial court was correct in dismissing the claims concerning Stamps' letters to the Board because of the immunity afforded to him and the exclusive jurisdiction of the Louisiana Supreme Court and the Board concerning disciplinary complaints against attorneys.
The supreme court has exclusive original jurisdiction of disciplinary proceedings against a member of the bar. La. Const. Art. 5, § 5(B). Singer Hutner Levine Seeman & Stuart v. Louisiana State Bar Ass'n, 378 So.2d 423 (La.1979); Herbert v. Regan, 522 So.2d 1157 (La.App. 4th Cir.1988), writ denied, 523 So.2d 1312 (La.1988). That provision is not a restriction on the court's inherent power but rather confers upon the court plenary power in the area of disciplinary proceedings. Singer, supra; Bester v. Louisiana Supreme Court Comm. on Bar Admissions, 00-1360 (La.2/21/01), 779 So.2d 715. Supreme Court Rule 19 establishes the applicable parameters and grants broad jurisdiction over complaints concerning attorneys. In particular, Rule 19, § 6 provides as follows:
Section 6. Jurisdiction
A. Lawyers Admitted to Practice. Any lawyer admitted to practice law in this state, including any formerly admitted lawyer with respect to acts committed prior to resignation, suspension, disbarment, or transfer to inactive status, or with respect to acts subsequent thereto which amount to the practice of law or constitute a violation of these Rules or of the Rules of Professional Conduct or any other Rules or Code subsequently adopted by the court in lieu thereof, and any lawyer specially admitted by a court of this state for a particular proceeding, as well as any lawyer not admitted in this state who practices law or renders or offers to render any legal services in this state, is subject to the disciplinary jurisdiction of this court and the board.
Thus, the handling of complaints concerning attorneys is a quasi-judicial function under the original and exclusive jurisdiction of the Louisiana Supreme Court. See, Herbert v. Regan, supra; Louisiana State Bar Ass'n v. Chatelain, 513 So.2d 1178 (La.1987). Moreover, Rule 19, § 12 provides for the following immunity: "Communications to the board, hearing committees, or disciplinary counsel relating to lawyer misconduct or disability and testimony given in the proceedings shall be absolutely privileged, and no lawsuit predicated thereon may be instituted against any complainant or witness."
Following Stamps' complaint to the Board in 2000, an investigation was conducted, and in the opinion of the Board, the allegations of Alston's misconduct did not demonstrate by clear and convincing evidence that Alston had engaged in ethical misconduct. Nevertheless, Stamps was advised in the Board's response that in the event of an application for readmission to the bar by Alston, "you are urged to re-raise *264 this issue again." On June 28, 2002, after Alston's application for readmission, Stamps did in fact re-urge the matter to the Board.
Alston's argument that Stamps' complaints represent an abuse of process overlooks the fact that such alleged abusive or malicious conduct was being directed to and reviewed by the very Board which could also impose disciplinary action upon Stamps for unfounded and inappropriate charges against Alston. The Board's March 14, 2001 response to Stamps clearly reflects that his confidential reporting of Alston's conduct to the Board was appropriate. Moreover, as demonstrated by the above provisions governing the Board and witnesses and complainants before the Board, Alston's charges regarding Stamps' actions with the Board are precluded from resolution in the district court. We, therefore, agree with the district court's determination that Alston has stated no cause of action regarding Stamps' complaints to the Board.
Finally, although Alston's argument for malicious prosecution to the trial court and this court primarily center on Alston's actions with the Board, she also alleges Stamps' June 19, 2000 report to Shreveport police in support of her claims of Stamps' misconduct. Nevertheless, her allegations and the police report attached to the amended petition also do not demonstrate a cause of action. Stamps' statements to the police are not shown to have resulted in any action by the police. Alston was not arrested or in any manner detained. She makes no allegation of any damages flowing from the incident. Accordingly, we find that a criminal proceeding was not commenced in such a manner to support the claim of malicious prosecution in this case.

Conclusion
For the above reasons, the judgment of the trial court is affirmed. Costs of the appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] We note that Rule of Professional Conduct 5.5, effective July 1, 2002, and "[applying] to all lawyers who are suspended or disbarred by any Order, Judgment, or Decree of the Court which becomes final after the effective date" provides that a lawyer shall not employ, contract with as a consultant, engage as an independent contractor, or otherwise join in any other capacity, in connection with the practice of law, any person the attorney knows or reasonably should know is a disbarred attorney, during the period of disbarment ..."
[2] Excerpted from Exh. P-2 attached to Plaintiff's First Supplemental and Amending Petition.
[3] The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. It questions whether the law provides a remedy to the plaintiff against the defendant for the complaints set forth in the petition. All well-pleaded allegations must be assumed as true, and any doubt is to be resolved in favor of the petition. In reviewing a trial court's sustaining an exception of no cause of action, the reviewing court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. Robertson v. Caddo Parish, Louisiana, 36,540 (La.App.2d Cir.12/11/02), 833 So.2d 1139; Fortenberry v. Hibernia Nat'l Bank, 37,266 (La.App.2d Cir.8/20/03), 852 So.2d 1221.
[4] The essential function of an exception of no right of action is to test whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(5). Its purpose is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. It assumes that the petition states a valid cause of action and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. Simmons v. Chambliss, 37,461 (La.App.2d Cir.8/20/03), 852 So.2d 1237; Caddo-Bossier Parishes Port Comm'n. v. Arch Chemicals, Inc., 36,505 (La.App.2d Cir.10/23/02), 830 So.2d 498 (citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015 (La.11/30/94), 646 So.2d 885).