# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-516


**JOHN W. DESHOTELS**

**VERSUS**

**VILLAGE OF PINE PRAIRIE, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 71,838-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**PHYLLIS M. KEATY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.


**APPEAL DISMISSED.**

**John Deshotels**
**In Proper Person**
**Post Office Box 317**
**Pine Prairie, Louisiana 70586**
**(337) 459-2008**
**Plaintiff/Appellant**

**Steven M. Oxenhandler**
**Michael J. O'Shee**
**Gold, Weems, Bruser, Sues & Rundell**
**Post Office Box 6118**
**Alexandria, Louisiana 71301**
**(318) 445-6471**
**Counsel for Defendants/Appellees:**
    **Village of Pine Prairie**
    **Terry Savant**
    **Debra Oge**
    **Tammy Hammond**
    **James Quint West**

**KEATY, Judge.**

Appellant, a pro se litigant, appeals the trial court's ruling sustaining an exception of no cause of action filed by defendants. He alleges that the trial court failed to grant him leave to amend his petition as mandated by La.Code Civ.P. art. 934. Finding that the judgment contained within the record is not in accord with the reasons for judgment and that the matter before us on appeal was not addressed in any judgment, we dismiss the appeal.

## Issue

The sole issue appealed is whether La.Code Civ.P. art. 934 requires that a plaintiff be granted leave to file a supplemental and amended petition in order to cure the petition of the defects alleged by defendants in their exception of no cause of action.

## Facts and Procedural History

Plaintiff, John Deshotels, filed a pro se petition for damages and "wrongful prosecution"[1] against Defendants, the City of Pine Prairie, Mayor Terry Savant, personally and in his capacity as mayor of the City of Pine Prairie, and council members Tammy Hammond, James Quint West, and Debra Oge. From his handwritten petition, we are able to discern that: 1) Deshotels was arrested and spent twenty days in jail; 2) Deshotels believes that he was jailed because there was trash and/or a trailer on a certain piece of property;[2] 3) Deshotels believes that the City of Pine Prairie left the trash on the lot; 4) Deshotels claims he was not anywhere near that property because he had been ordered by the trial court to stay away and not to interfere with the removal of the trailer; and 5) Deshotels allegedly suffered medical injuries as a result of the incident. Deshotels sought damages in

---

[1]We interpret the petition for "wrongful prosecution" as one for "malicious prosecution."

[2]At oral arguments, Deshotels asserted that he did not own the property.

the form of twenty days of jail time per defendant and twenty million dollars, plus attorney fees and court costs.

The defendants filed an answer, an exception of no cause of action, and a motion to strike Deshotels' request for a jury trial. These matters were set for hearing on November 10, 2010. Deshotels filed a duplicate copy of his petition, in addition to an answer to defendants' answer, into the record, after which the defendants filed a motion to strike the duplicate copy of the petition and a motion to quash subpoenas issued by Deshotels. These motions were also set for hearing on November 10, 2010. After the hearing on November 10, 2010, the trial court signed a "Judgment" granting defendants' motion to quash and motion to strike. The judgment is silent as to the exception of no cause of action. On December 21, 2010, the trial court signed "Reasons for Judgment," which addressed and granted the exception of no cause of action, but was silent as to the motion to quash and the motion to strike.

Deshotels has appealed the trial court's judgment[3] on the exception of no cause of action, alleging that he was not granted leave to amend his petition by the trial court, pursuant to La.Code Civ.P. art. 934, which provides in pertinent part, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment."

---

[3]We note that the only judgment in this case addresses issues not before us on appeal. The reasons for ruling explain the trial court's decision as far as the exception is concerned, but the exception is not disposed of in a judgment.

## Standard of Review

"The standard of review for sustaining or denying a peremptory exception of no cause of action is de novo because it raises a question of law." *Hebert v. Shelton*, 08-1275, p. 3 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197, 1201.

## Law and Discussion

Despite Deshotels' appeal of the trial court's application of La.Code Civ.P. art. 934, we take judicial notice that the record is void of a judgment on the exception of no cause of action, which is the only issue before us on appeal. Appeals are taken from final judgments. La.Code Civ.P. art. 2083. "A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment." La.Code Civ.P. art. 1918.

In the instant case, the record only contains a judgment which addresses a motion to quash and a motion to strike. Though there are reasons for judgment in the record addressing the exception of no cause of action, there is no signed judgment addressing the exception of no cause of action. It is clear from the minutes and the transcript that the trial court heard argument on all three issues and only issued a final, appealable judgment concerning two of the three issues, neither of which addressed the exception of no cause of action. Because the issue on appeal was not adjudicated in the final judgment, we must dismiss this appeal. Appellant has thirty days to obtain a final judgment from which he can lawfully appeal in accordance with the law.

## Decree

For the reasons stated herein, this matter is dismissed. Costs are cast against the City of Pine Prairie.

**APPEAL DISMISSED.**