NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-920

WILLIE J. ZENO, SR.

VERSUS

LOUISIANA ATTORNEY
DISCIPLINARY BOARD

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-1984, DIVISION "F"
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Willie J. Zeno, Sr.
133 Ambroise Street
Lafayette, Louisiana 70501
(337) 591-9411
Pro Se Appellant

**James D. "Buddy" Caldwell**
**Attorney General**
**David G. Sanders**
**Douglas G. Swenson**
**Assistant Attorneys General**
**Louisiana Department of Justice, Litigation Division**
**Post Office Box 94005**
**Baton Rouge, Louisiana 70804-9005**
**(225) 326-6300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana Attorney Disciplinary Board**

**GENOVESE, Judge.**

Plaintiff, Willie J. Zeno, Sr., appeals the trial court's judgment granting a Peremptory Exception of No Cause of Action filed by Defendant, Louisiana Attorney Disciplinary Board. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Mr. Zeno instituted the present action against the Louisiana Attorney Disciplinary Board (LADB), alleging that the LADB failed to investigate a complaint he filed with it concerning the manner in which his attorney handled a workers' compensation matter on his behalf. His petition alleges that the LADB "breached its duty with regard to matters filed by [him] causing irreparable harm and damages." Mr. Zeno prayed that the LADB "be found liable for damages incurred as a result of its gross breach of duty."

In response to Mr. Zeno's petition, the LADB filed a Peremptory Exception of No Cause of Action, alleging in support thereof: (1) its entitlement to immunity pursuant to Louisiana Supreme Court Rule 19, Section 12; (2) its entitlement to quasi-judicial immunity; and, (3) that exclusive jurisdiction rests in the Louisiana Supreme Court.

The LADB's Peremptory Exception of No Cause of Action was heard and granted by the trial court on June 24, 2013. Mr. Zeno appeals.

## ASSIGNMENT OF ERROR

Mr. Zeno's sole assignment of error presents the issue of whether the trial court erred in granting the LADB's Peremptory Exception of No Cause of Action.

## LAW AND DISCUSSION

"'The standard of review for sustaining or denying a peremptory exception of no cause of action is de novo because it raises a question of law.' *Hebert v. Shelton*, 08-1275, p. 3 (La.App. 3 Cir. 6/3/09), 11 So.3d 1197, 1201." *Deshotels v.*

*Vill. of Pine Prairie*, 11-516, p. 3 (La.App. 3 Cir. 11/2/11), 77 So.3d 1076, 1077. "Pursuant to a de novo standard of review, an appellate court must determine whether the trial court was legally correct or legally incorrect and gives no additional weight to the trial court's determination." *Vermilion Parish Sch. Bd. v. ConocoPhillips Co.*, 11-999, p. 3 (La.App. 3 Cir. 2/1/12), 83 So.3d 1234, 1237, *writs denied*, 12-514, 12-515, 12-516 (La. 6/22/12), 91 So.3d 967, 968.

Louisiana Supreme Court Rule 19, entitled "Rules for Lawyer Disciplinary Enforcement," Section 12 (emphasis added) provides in pertinent part as follows:

> Section 12. Immunity.
>
> A. From Civil Suits.  Communications to the board, hearing committees, or disciplinary counsel relating to lawyer misconduct or disability and testimony given in the proceedings shall be absolutely privileged, and no lawsuit predicated thereon may be instituted against any complainant or witness.  Members of the board, members of the hearing committees, disciplinary counsel, staff, probation monitors and monitoring lawyers appointed pursuant to this rule or its appendices, inventorying lawyers appointed pursuant to Section 27, members of the Ethics Advisory Committee adopted by resolution to the House of Delegates and approved by the Board of Governors of the Louisiana State Bar Association on November 2, 1991 and members of the Lawyer Advertising Advisory Service Committee adopted by resolution to the House of Delegates and approved by the Board of Governors of the Louisiana State Bar Association on June 9, 1995, *shall be immune from suit for any conduct in the course of their official duties or reasonably related to their official duties.*

Pursuant to the foregoing, the LADB is immune from the present civil suit of Mr. Zeno.

The LADB is also entitled to quasi-judicial immunity for its actions. *Forman v. Ours*, 804 F.Supp. 864 (E.D. La. 1992).  As this court noted in *Menard v. Louisiana Department of Health & Hospitals*, 11-1487, p. 5 (La.App. 3 Cir. 4/4/12), 94 So.3d 15, 18:

> Quasi[-]judicial is defined by BLACK'S LAW DICTIONARY 1121, (5th ed.1979), as:

> A term applied to the action, discretion, etc., of public administrative officers or bodies, who are required to investigate facts, or ascertain the existence of facts, hold hearings, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature.

"Because many administrative boards and commissions have a quasi-judicial function when they adjudicate matters like licenses, . . . it has become common to recognize quasi-judicial immunity, equivalent to judicial immunity, for such boards and commissions (and their individual members) for their actions taken and decisions made in their adjudicative role." *Durousseau v. La. State Racing Comm'n*, 98-442, p. 4 (La.App. 4 Cir. 12/9/98), 724 So.2d 844, 846, *writ denied*, 99-34 (La. 2/12/99), 738 So.2d 582.

Finally, "[t]he supreme court has exclusive original jurisdiction of disciplinary proceedings against a member of the bar. La. Const. Art. 5, § 5(B). *Singer Hutner Levine Seeman & Stuart v. Louisiana State Bar Ass'n*, 378 So.2d 423 (La.1979); *Herbert v. Regan*, 522 So.2d 1157 (La.App. 4th Cir.1988), *writ denied*, 523 So.2d 1312 (La.1988)." *Alston v. Stamps*, 38,628, pp. 5-6 (La.App. 2 Cir. 6/23/04), 877 So.2d 259, 263. The supreme court has "plenary power in the area of disciplinary proceedings[,]" and "Supreme Court Rule 19 establishes the applicable parameters and grants broad jurisdiction over complaints against attorneys." *Id*. "Thus, the handling of complaints concerning attorneys is a quasi-judicial function under the original and exclusive jurisdiction of the Louisiana Supreme Court. See, *Herbert v. Regan, supra*; *Louisiana State Bar Ass'n v. Chatelain*, 513 So.2d 1178 (La.1987)." *Id*.

## **DECREE**

For the foregoing reasons, the judgment of the trial court granting the Peremptory Exception of No Cause of Action filed on behalf of the Louisiana

Attorney Disciplinary Board is affirmed. Costs of this appeal are assessed to

Willie J. Zeno, Sr.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2—16.3.