LOTTINGER, Judge.
This matter was once before this court, Miller v. East Baton Rouge Sheriffs Department, 492 So.2d 23 (La.App. 1st Cir. 1986). On that appeal, this court reversed the trial court’s judgment in favor of the plaintiffs, by holding that the trial court erred manifestly in finding that the sheriff's detective had acted maliciously and without probable cause. The Louisiana Supreme Court reversed this court’s decision, Miller v. East Baton Rouge Parish Sheriffs Department, 511 So.2d 446 (La.1987), by reinstating the trial court’s determination and remanding to this court for review of the damage awards.
For a recitation of the facts leading up to this lawsuit see the original opinion of this court, 492 So.2d at 24-25.
QUANTUM
The sole issue before this court is the amount of damages to be awarded Johnny and Freddie Miller.
Defendants argue that the damages awarded by the trial court were excessive, are not supported by the evidence, and should be reduced. The trial court rendered a judgment in favor of each plaintiff for the sum of $50,700, respectively. Plaintiff contends that the trial court's amount of award was “not so high that it would offend the conscience of any appeal court judge.”
A trier of fact is given much discretion in awarding damages. La.Civ.Code art. 1999 (formerly, La.Civ.Code art. 1934(3)). An appellate court, in its possible reversal of that “much discretion,” must first view the facts and circumstances particular to the case before it to ascertain its propriety. If it is found that the award is inappropriate, the court may then use prior *579 awards to aid it in determining an appropriate award. Reck v. Stevens, 373 So.2d 498 (La.1979). The appellate court may then alter the award to either the highest or lowest amount which is reasonable within the discretion afforded the trier of fact. Emerson v. Empire Fire & Marine Ins. Co., 393 So.2d 691 (La.1981).
A finding of abuse must be based on the facts in the record. Reck v. Stevens; Bergeron v. Houma Hospital Corporation of the Sisters of St. Joseph, 514 So.2d 1192 (La.App. 1st Cir.1987). Johnny Miller spent eight days in jail while Freddie Miller spent twenty-one days in jail. However, Freddie Miller was unemployed at the time of his arrest. Johnny Miller, while employed at the same time, failed to prove any loss of wages. Also, the alleged publicity that was given about the Millers’ arrests was substantiated by only the plaintiffs themselves and their fathers. No other documentation was introduced by plaintiffs to establish the existence of publicity by the local media, in radio, television, or print form, to corroborate the claim of loss of reputation. But for the fact that any malicious prosecution by law enforcement agencies casts a shadow of ill repute, there exists little evidentiary proof in the record to support the amount awarded for damages by the trial court. Thus, based on the facts relating to damages, this court determines that the trial court abused its “much discretion.”
This court also determines that the highest amount which may be awarded to either Johnny Miller and Freddie Miller, as within the reasonable discretion of the trial court, is as follows:
(1) to Johnny Louis Miller;
a) $700 for costs of private investigator Dykes’ services,
b) $8,000 as general damages for malicious prosecution, loss of reputation, mental anguish, and worry,
c) legal interest on both amounts from the date of judicial demand; and
(2) to Freddie Lamar Miller;
a)$700 for costs of private investigator Dykes’ services,
b) $21,000 as general damages for malicious prosecution, loss of reputation, mental anguish, and worry,
c) legal interest on both amounts from the date of judicial demand.
Hoff v. Canal Refining Company, Inc., 454 So.2d 188 (La.App. 1st Cir.1984); Lewin v. First Paratransit Corp., 387 So.2d 1254 (La.App. 1st Cir.), writ denied, 394 So.2d 607 (La.1980); Jefferson v. S.S. Kresge Company, 344 So.2d 1118 (La.App. 3rd Cir.1977).
Therefore, for the above and foregoing reasons, the awards rendered by the trial court are amended at defendant-appellant’s cost.
AMENDED.