527 So.2d 979 (1988)
Willie WATSON
v.
CHURCH'S FRIED CHICKEN, INC.
No. CA-8869.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
On Rehearing June 7, 1988.
*980 Thomas E. Dunn, Metairie, for plaintiff-appellee.
Arthur J. Lentini, Hall, Lentini, Mouledoux & Wimberly, Metairie, for defendant-appellant.
Before SCHOTT, KLEES and WILLIAMS, JJ.
SCHOTT, Judge.
Plaintiff sued Church's for damages for malicious prosecution and defamation. After a trial by jury he recovered $44,000. Defendant has appealed.
Plaintiff and his wife went to Church's on January 21, 1984 to purchase some food. The wife went inside to place the order while plaintiff waited outside. Police arrived and arrested plaintiff for robbing Church's on some previous date. After plaintiff made one appearance in court the charges were dropped. In this court Church's assigns only two errors. It claims the trial court erred in admitting in evidence over defendant's objection a police report and the District Attorney's screening report and in rendering judgment without proof that Church's employees had made a complaint leading to plaintiff's arrest.
As to the first assignment defendant argues that the introduction of the documents violated the rule against hearsay because they were offered to prove the truth that plaintiff was arrested and that the charges were dropped. If the court erred in admitting these documents the error was harmless. By his own testimony corroborated by his wife's plaintiff established he was arrested in the parking lot and taken to jail by the police. He remained in jail for a few days until he could make bail. Also by their testimony along with other witnesses they established that they hired a lawyer and attended a hearing at which they established an alibi for plaintiff, and the court dismissed the charges. There is no question about the arrest and termination of the prosecution. The documents were cumulative at best.
By its other assignment Church's contends plaintiff failed to prove that its employee caused him to be arrested. Plaintiff testified that his wife had gone into the restaurant only for some okra and it took such a long time that he went in and asked her if she placed the order. When she said she had he returned to his car in the lot. He testified, "About 15, 10 minutes after about 4 or 5 police cars pulled up and they go in the place and they come back out and they grabbed me...." The only reasonable inference that can be drawn from these facts is that the people working for Church's accused him of robbing them previously and caused the police to arrest him. Plaintiff also answered this question affirmatively:
After this arrest occurred at some point you were able to meet the employee from Church's Fried Chicken that claimed that you were the one that robbed the store; is that correct?
We have concluded that plaintiff presented sufficient evidence for the jury to conclude that it was more probable than not that the employees of Church's called the police and pointed plaintiff out as the man who previously robbed them.
Having concluded that defendant's assignments of error have no merit we affirm the judgment.
AFFIRMED.
WILLIAMS, Judge, concurs.
I respectfully concur.
Although I agree with the conclusion reached by the majority, I have serious *981 reservations about the propriety of the award for malicious prosecution.

ON REHEARING
We granted a rehearing in order to consider appellant's arguments that 1) the evidence was insufficient to establish malicious prosecution; 2) in the absence of liability for malicious prosecution appellant cannot be liable for defamation as a matter of law; and 3) the quantum of damages is excessive.
In order to prove malicious prosecution the plaintiff must prove (1) termination of the proceedings in plaintiff's favor; 2) lack of probable cause; and (3) malice on the part of the defendant. Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir. 1975). Appellant first argues that plaintiff failed to prove the first element.
The testimony of plaintiff, his wife, and other witnesses establishes that he entered a plea of not guilty and after an appearance in court the charges were dismissed. Appellant cites Hibernia Nat. Bank of New Orleans v. Bolleter, 390 So. 2d 842 (La.1980) for the proposition that the termination of the original proceeding must be "bona fide" to support a claim for malicious prosecution and it argues that there must be something more than proof that the charges were dismissed in order to show this "bona fide termination". We do not find that the Supreme Court's choice of words in the Hibernia case has the significance appellant would give it. The only inference to be drawn from the testimony of plaintiff and his witnesses is that having been arrested, jailed, released on bond, and arraigned on a charge of armed robbery he appeared in court and the charges were dismissed. This constituted a termination, indeed a bona fide termination, of the proceedings against him.
Where the charges against the plaintiff were dismissed prior to trial, lack of probable cause and malice are presumed and the burden is on the defendant to prove he acted with probable cause and without malice. Carter v. Catfish Cabin, supra. Thus, appellant's argument that plaintiff failed to carry his burden to show lack of probable cause and malice has no merit. Appellant offered no evidence to carry the burden which was upon it. We have concluded that the evidence is sufficient to establish that appellant is liable to plaintiff for damages for malicious prosecution.
As to damages, the jury, in response to interrogatories, awarded plaintiff $10,000 for defamation of character and $10,000 for malicious prosecution. These general damage awards are based on the evidence that plaintiff spent four days in jail before being released on $30,000 bail, he was sexually assaulted while in jail, a story of his arrest appeared in the newspaper, and these events caused him anxiety. The jury's award of $10,000 for these damages is not an abuse of discretion, but the damages were the same for the defamation and the malicious prosecution. The record does not support a separate award for each and the jury abused its discretion in making two separate awards. Our conclusion in this respect is buttressed by the law that a plaintiff cannot prevail in an action for defamation which is combined with one for malicious prosecution where he fails to prove malicious prosecution; and that the two causes are merged into one. Enders v. Boisseau, 52 La.Ann. 1020, 27 So. 546 (1900); Dearmond v. St. Amant, 40 La.Am. 374, 4 So. 72 (1888). Therefore, the quantum will be reduced by $10,000.
On the other hand, we find no abuse of discretion in the award of $24,000 for lost wages. Plaintiff testified he made $200 weekly before his arrest and only $150/$200 monthly afterwards. He testified he was turned down for employment because of his record of being arrested for armed robbery. The jury apparently accepted this testimony as true and there is no basis for this court to substitute its own credibility evaluation for the jury's.
Accordingly, the judgment appealed from is affirmed but amended to reduce the amount of damages to $34,000. All costs *982 including the cost of this appeal are assessed against appellant.
AMENDED AND AFFIRMED.