632 So.2d 790 (1993)
Cedric PATIN
v.
DUPLESSIS PONTIAC-BUICK-GMC TRUCKS, INC.
No. 93 CA 0025.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Rehearing Denied March 21, 1994.
*791 Donald G. Cave, Baton Rouge, for plaintiff/appellee.
William F. Bologna, New Orleans, for defendant/appellant.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
Cedric Patin (plaintiff) sued Duplessis Pontiac-Buick-GMC Trucks, Inc. (defendant) for false arrest and malicious prosecution. The trial court ruled in plaintiff's favor and awarded him $17,500.00 in damages. Defendant brings this appeal.
The trial court's reasons for judgment summarize the facts:
The facts in this case show that there was a dispute between the parties concerning the purchase by plaintiff of a 1989 GMC Suburban in which transaction the defendant dealer was to accept a 1984 Ford F150 truck and a 1979 Marlin 20' boat and trailer as down payment. Because of alleged defects[1] in the Suburban the plaintiff attempted to return the GMC Suburban and cancel the transaction. At some point [in] time during the exchange between the parties on the premises of the defendant dealership showroom Mr. Ron Duplessis the president and general manager and duly authorized agent of the defendant, Duplessis Pontiac-Buick-GMC Trucks, Inc. caused a police officer to arrest, handcuff and lead Mr. Patin through the dealership showroom after which he was incarcerated for approximately 6 hours. Subsequently, the incident was published in both the Baton Rouge papers and a local paper. As a result of the criminal charges Mr. Patin had to retain counsel and at a criminal court hearing the court found that there was no probable cause for the charges and dismissed the criminal charges.
The Louisiana Supreme Court in Stobart v. State, 617 So.2d 880, 882 (La.1993), recently restated the two-part test for reversal of a fact finder's determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) The appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
The supreme court has promulgated some general principles for appellate courts to follow when determining whether factual findings are "clearly wrong." When conflicting evidence creates two possible views and the trier of fact's choice between them is reasonable in light of the entire record, an appellate court may not reverse merely because it would have chosen the alternative view. Stobart, 617 So.2d at 833; Lirette v. State Farm Ins. Co., 563 So.2d 850, 855 (La.1990); Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Defendant must show that no reasonable evidence was presented which could justify the findings of fact made by the trial court.
Three witnesses testified: plaintiff, Charles E. Brown (a sales representative for Brian Harris Imports), and Ron Duplessis, defendant's president. Plaintiff and Brown presented one set of reasonable facts and Duplessis presented a different but also reasonable set.[2] A thorough review of the record clearly shows two differing versions of *792 the facts existed. Accordingly, we cannot reverse the trier of fact's reasonable choice.
Defendant also argues the trial court applied an erroneous standard by requiring defendant to meet a higher standard of care in asserting its rights. When plaintiff rested his case, defendant moved for a directed verdict[3] on grounds that plaintiff failed to prove relevant essentials of his claim. In denying defendant's motion, the trial court said a higher standard of care applied to an automobile dealership than to an individual. We need not deal with this argument at length. The only time the trial court mentioned a higher standard was when it denied the motion for directed verdict. Nothing in the trial court's reasons for judgment indicates it applied an improper standard on the merits of the case.
FALSE ARREST
Plaintiff sued defendant on theories of false imprisonment and malicious prosecution. The tort of false imprisonment has two essential elements: (1) detention of a person; and (2) the unlawfulness of such detention. A false imprisonment occurs when arrest is made either without any legal process or warrant, or under a warrant null and void upon its face. However, if a person is arrested pursuant to a valid warrant, there is no false imprisonment. Borne v. Brown, 492 So.2d 6, 8 (La.App. 1st Cir.), writ denied, 496 So.2d 355 (La.1986); O'Conner v. Hammond Police Dep't, 439 So.2d 558, 560 (La.App. 1st Cir.1983). In this case, plaintiff was arrested pursuant to a valid warrant. Therefore, there was no false arrest.

MALICIOUS PROSECUTION
The elements of malicious prosecution are: (1) commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was the defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damage conforming to legal standards resulting to plaintiff. Borne, 492 So.2d at 9; O'Conner, 439 So.2d at 561.
Plaintiff proved the first three elements. However, defendant contends plaintiff failed to prove lack of probable cause, malice, and damages. Plaintiff points to the district court's ruling of no probable cause on the preliminary hearing in support of his argument that defendant had no probable cause to ask the justice of the peace to issue an arrest warrant.
After reviewing all of the evidence, we cannot say the trial court committed manifest error in finding defendant did not have probable cause to have plaintiff arrested on a charge of theft by fraud.[4] When a plaintiff in an action for malicious prosecution is discharged upon preliminary examination in the criminal proceeding giving rise to the civil suit, there is a presumption of lack of probable cause. Malice is presumed when there is no probable cause. Watson v. Church's Fried Chicken, Inc., 527 So.2d 979 (La.App. 4th Cir.), writ denied, 532 So.2d 135 (La. 1988); Carter v. Catfish Cabin, 316 So.2d 517 (La.App.2d Cir.1975). Additionally, the facts show plaintiff went to defendant's dealership after he was released from jail. He talked at length with Duplessis, who still attempted to complete the deal and even offered to take another $1,000.00 off the price while he, plaintiff, and Brown sat down to dinner at a local restaurant. Plaintiff refused his offer. Later, Duplessis was quoted in the newspaper as stating that the criminal charges "still stand." Notwithstanding, neither Duplessis nor any of defendant's employees appeared to testify at the preliminary hearing.

DAMAGES
In the alternative, defendant asserts the trial court abused its discretion in awarding *793 plaintiff damages in the amount of $17,500.00.
The court issued partial oral findings after a bench trial. In discussing quantum, it specifically found no damage to plaintiff for the loss of a Port Commission position he held or any damage to his business. The court did find plaintiff suffered some "mental anguish as a result of the arrest and incarceration for six hours and the newspaper publicity." The court also asked for briefs on the issue of attorney fees (it was not disputed that plaintiff owed his attorney $2,500.00 for representing him in the criminal matter). The trial court, with written reasons, awarded plaintiff $15,000.00 in general damages plus $2,500.00 in attorney fees.
The supreme court, in Hae Woo Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), recently restated our standard of review where an excessive damage award is an issue:
The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion.
(Emphasis added.) (Citations omitted.)
In this case, the trial court's clear abuse of its vast discretion in its award of general damages shocks our conscience. We have looked to the jurisprudence and found Miller v. East Baton Rouge Parish Sheriff's Dep't, 522 So.2d 578 (La.App. 1st Cir.), writ denied, 524 So.2d 520 (La.1988) to use in finding the appropriate amount of damages. In Miller, plaintiff spent eight days in jail. He was unemployed at the time of his arrest. He testified that the local media publicized his arrest, but no evidence corroborated this contention.
Here, plaintiff is a college graduate, a general contractor, and a member of the Greater Baton Rouge Port Commission. The record contains articles which appeared in local newspapers. While the articles were very even-handed, the fact that plaintiff was arrested on a charge of theft by fraud was widely circulated. The highest amount for this six-hour incarceration and resulting mental anguish that a reasonable trier of fact could award is $4,500.00, plus $2,500.00 in attorney fees.
Therefore, plaintiff's judgment is reduced to $7,000.00. Defendant is cast with all costs of this appeal.
AMENDED AND AFFIRMED.
NOTES
[1] After he left defendant's lot, plaintiff found signs of water damage. Also, from rain during the week, a leak in a wheel well caused plaintiff's and his family's clothes packed in the back of the Suburban to get wet. There was no dispute that the vehicle had problems. Defendant characterized them as minor. (Footnote added.)
[2] Plaintiff's version is summarized in the trial court's reasons above. Defendant's version is that plaintiff had its vehicle for about three weeks and had not finalized the financing. Defendant had permitted plaintiff to obtain his financing and had even given him all the papers necessary to finalize the sale with the financier. Defendant felt plaintiff was up to "no good" and had a justice of the peace issue an arrest warrant for theft by fraud.
[3] We note defendant should have moved for involuntary dismissal.
[4] Defendant, in brief, argues that the trial court, in its oral reasons, said that "unauthorized use of a moveable [sic]" may have been a correct criminal charge, so there was probable cause to arrest. Without getting into the due process problems with such an argument, we only need note that defendant maintains it had a binding sale. If so, there could be no unauthorized use.