McClendon, j.
12Pefendant appeals a trial court’s judgment seeking a reduction in the amount of general damages awarded to the plaintiff by the trial court for false imprisonment. Plaintiff has answered the appeal seeking damages for conversion. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On January 29, 2011, Alma Johnson purchased a 2005 Cadillac SRX from defendant/appellant, Kramor of Plaquemine, LLC, d/b/a Supreme Cadillac of Plaque-mine (“Supreme”). The salesman at Supreme who handled the transaction was David Montoya. Ms. Johnson executed sales documents, made a down payment of *420 $500.00, was given the keys, and drove off in the vehicle,
Ms. Johnson avers that there was nothing left to be done in connection with the sale and believed the car to be hers. Supreme, on the other hand, avers that Mr. Montoya informed Ms. Johnson that as a condition of the sale, her Dodge Stratus would have to be paid off before the finance company would extend her credit on the 2005 Cadillac SRX. Supreme contends that Ms. Johnson took the Cadillac home as a “courtesy delivery,” but never fulfilled the condition of paying off her older vehicle.
A few days after the sale, Ms. Johnson returned to Supreme for her inspection sticker, which she received without incident. Two weeks later, she again returned, without incident, for repairs on a service light. Ms. Johnson also made a payment to the finance company, which she avers was the first month’s note.
In mid-March 2011, when Ms. Johnson inquired into her license plate for the car, she was told that she needed to return the Cadillac. Ms. Johnson did not return the vehicle, because she believed it was hers.
Mr. Montoya, in an attempt to get the vehicle back, contacted the police on the day in question. Ms. Johnson admits that she was contacted by the Plaquemine Police Department and was told to return the vehicle to the dealership within two hours.
| .-¡Because Ms. Johnson failed to return the vehicle, she was arrested when she returned home after work. She was taken to the Baker Police Department and placed in a holding cell. She testified that she spent about thirty minutes at the Baker Police Department until she was transferred at approximately 9:00 p.m. to the East Baton Rouge Parish Prison. She remained in the East Baton Rouge Parish Prison until noon the next day when she was picked up by an officer and was taken to the Plaquemine police station. Upon arriving at the station, she was given a court date and released. The charges against Ms. Johnson were later dropped.
On September 20, 2011, Ms. Johnson filed suit against Supreme,[1] seeking, among other things, damages for mental anguish resulting from false imprisonment and reimbursement for the down payment and the first car note paid. Supreme answered, generally denying Ms. Johnson’s allegations.
Following trial, the trial court ruled in favor of Ms. Johnson, but took the issue of damages under advisement. Subsequently, the trial court issued written reasons for judgment, wherein it stated:
After considering the pleadings and memoranda submitted by counsel for both plaintiff and counsel for defendant, the court finds that the plaintiff was in fact falsely imprisoned because of the actions of the defendants. The court, considering the general damages awarded in Patín [v.] Duplessis Pontiac-Buick-GMC ... and Nelson [v.] City of Shreveport ... and the 3 days Alma Johnson spent in police custody, awards Alma Johnson $15,000.00 in general damages. The court also awards Alma Johnson reimbursement for the down payment and first note paid for the 2005 Cadillac in the amount of $600.00 along with costs and interest.
The trial court subsequently signed a "written judgment on July 3, 2013, awarding plaintiff a total award of $15,600.00.
*421 Supreme has appealed, asserting that the trial court erred in awarding general damages based on three days of police custody where the undisputed fact is that Ms. Johnson was only in custody for one day. Ms. Johnson has |4answered the appeal, asserting that the trial court erred in failing to award damages for wrongful conversion of her vehicle.
DISCUSSION
A factual finding by the trial court cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Stobart v. State through Dept, of Transp. and Development, 617 So.2d 880, 882 (La.1993). Although appellate courts must accord great weight to the factual findings of the trial court, these same courts have a duty to determine if the fact finder was justified in its conclusions. Mart v. Hill, 505 So.2d 1120,1127 (La.1987).
Moreover, the trier of fact has much discretion in the assessment of damages. LSA-C.C. art. 2324.1. A reviewing court should not set aside an award of general damages unless an analysis of the facts and circumstances reveals an abuse of the fact finder’s discretion in setting the award. Smith v. Roussel, 00-1028 (La.App. 1 Cir. 6/22/01), 809 So.2d 159, 167. The discretion vested in the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury, to the particular plaintiff, under the particular circumstances, that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert, denied,, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). However, when the fact finder abuses its discretion by rendering an excessive or inadequate quantum decision, the appellate court merely raises the fact finder’s inadequate award to the lowest reasonable amount or reduces the fact finder’s excessive award to the highest reasonable amount. Andrus v. State Farm Mutual Auto. Ins. Co., 95-0801 (La.3/22/96), 670 So.2d 1206,1211.
The trial court, in its reasons for judgment, noted that Ms. Johnson was in police custody for three days. In making the general damage award, Supreme notes that the trial court referenced Patin v. Duplessis Pontiac-Buick-GMC Trucks, Inc., 632 So.2d 790 (La.App. 1 Cir.1993), writ denied, 94-1004 (La]6/17/94),s 638 So.2d 1096, wherein a panel of this court found that the trial court’s general damage award of $15,000.00 to a plaintiff who was incarcerated for six hours was a “clear abuse of its vast discretion ... [and] shocks our conscience.” Patin, 632 So.2d at 793.[2] This court found that $4,500.00 was the highest amount that could be awarded for the six-hour incarceration and resulting mental anguish. Id.
*422 Supreme contends that Ms. Johnson was in police custody only one day. In light of Patin, Supreme contends that the general damage award of $15,000.00 was an abuse of discretion. Supreme concludes that this court should lower the general damage award to the highest point that was reasonably within the discretion afforded the trial court, which it asserts is $5,000.00 for one day in jail.
Appellate courts review judgments, not written reasons for judgment. Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d 507, 572; see also LSA-C.C.P. art. 1918. The reasons, whether oral or written, form no part of the judgment, serving only as an explication of the trial court’s determinations. Wooley, 61 So.3d at 572. Therefore, we review under an abuse of discretion standard.
At trial, Ms. Johnson testified that four to five police unite were sent to her home at the time she was arrested. Ms. Johnson informed the arresting officers that she was concerned with finding someone to take care of her mother, who was blind and staying with her. Unlike Patin, which we note was decided nearly twenty years ago, Ms. Johnson was in police custody for approximately sixteen hours over the course of two days. She was forced to spend the night in parish prison/and was released following her transfer to Plaque-mine the next day. | (Although Ms. Johnson learned that her court date for the criminal trial had been dismissed, she came to court on the scheduled date “because I was so frightened that if I didn’t come ... I was afraid that if I didn’t come I would be picked up again under false arrest.” At trial, Ms. Johnson was upset and crying when she had to testify about these events.
Considering the foregoing, we cannot conclude that the trial court abused its discretion in awarding $15,000.00 in general damages. Cf. Brown v. City of Monroe, 48,764 (La.App. 2 Cir. 2/26/14), 2014 WL 737894, 135 So.3d 792 wherein the second circuit awarded $20,000.00 in general damages to a plaintiff who was arrested at work in front of her coworkers, booked, and incarcerated for one hour.
In answer to the appeal, Ms. Johnson urges that the trial court failed to address her claim for conversion. Ms. Johnson asserts that the appropriate damage for wrongful conversion is presumed to be the value of the property wrongfully appropriated, plus interest. As such, Ms. Johnson concludes that the trial court erred in failing to award damages for conversion of the vehicle.
We note that Ms. Johnson’s petition does not make a claim for conversion. Moreover, we have found nothing in the record wherein Ms. Johnson raised this issue. As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal. Stewart v. Livingston Parish Sch. Bd., 07-1881 (La.App. 1 Cir. 5/2/08), 991 So.2d 469, 474. See also Uniform Rules-Courts of Appeal, Rule 1-3. Accordingly, this issue is not properly before us on review.
CONCLUSION
For the foregoing reasons, we affirm the trial court’s July 3, 2013 judgment. Costs of this appeal are assessed to appellant, Kramor of Plaquemine, LLC, d/b/a Supreme Cadillac of Plaquemine.
AFFIRMED.

. Ms. Johnson also named Mr. Montoya as a defendant, but he was later dismissed by agreement of the parties.

. The trial court also cited Nelson v. City of Shreveport, 40,494 (La.App. 2 Cir. 1/27/06), 921 So.2d 1111, writ denied, 06-0453 (La.5/5/06), 927 So.2d 313, and writ denied, 06-0600 (La.5/5/06), 927 So.2d 317, wherein the appellate court affirmed a $15,000.00 general damage award for a battery, false arrest, and false imprisonment. In that case, although the imprisonment was brief, the plaintiff was struck multiple times with a weapon, handcuffed with force, and a pain compliance technique utilized on him (twisting plaintiffs fingers and hand while handcuffed). Plaintiff also sought treatment by a chiropractor for injuries related to the incident. Moreover, the incident caused plaintiff, a retired police officer, embarrassment in the law enforcement community. Nelson, 921 So.2d at 1118-19.