STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-416

SUCCESSION OF VICTOR PRESTON CLARK, III

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 2019-77
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

**CHARLES G. FITZGERALD**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.

**AFFIRMED.**

**David L. Wallace**
**518 North Pine Street**
**DeRidder, Louisiana 70634**
**(337) 462-0473**
**Counsel for Appellant:**
      **Savanna L. Hutson**

**Samuel R. Ducote**
**Timothy O'Dowd**
**O'Dowd Law Firm, LLC**
**924 Hodges Street**
**Lake Charles, Louisiana 70601**
**(337) 310-2304**
**Counsel for Appellee:**
      **Bailey Koonce, as Administrator of the**
      **Succession of Victor Preston Clark, III**

**FITZGERALD, Judge.**

This is an appeal of a judgment sustaining an exception of peremption and dismissing all claims filed by the appellant, Savanna L. Hutson.

Victor Preston Clark III died in September 2017. The administration of his estate began two years later. Then, in November 2023, Savanna filed a petition to establish paternity for succession purposes only under La.Civ.Code art. 197.[1]

Two months after that, the Succession responded by filing various exceptions, including peremption. As to peremption, the Succession alleged that Savanna's petition was filed more than one year after the decedent's death and that the action was therefore barred by the express language of La.Civ.Code art. 197.

Three weeks later, Savanna filed a pleading styled Motion to Dismiss Exception(s). In relevant part, the motion alleged as follows:

2.

> Exceptor . . . filed peremptory exception under Article 927 of the Louisiana Code of Civil Procedure that [Savanna's] right to be recognized as an heir had been perempted by Louisiana Civil Code Article 197 . . . . Article 197 of the Louisiana Civil Code violated the equal protection clause of the United States Constitution and the Louisiana State Constitution.

3.

> Article 197 of the Louisiana Civil Code excludes an entire class of people by its action. There is no provision in the law that allows citizens who were minors at the date of death of their putative parent any method to claim paternity. The statute provides no remedy for

---

[1] Louisiana Civil Code Article 197 states:

A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.

For purposes of succession only, this action is subject to a peremptive period of one year. This peremptive period commences to run from the day of the death of the alleged father.

minors under the age of 18 who[se] putative parent dies during their minority. The action of Article 197 forever prohibits a petitioner who has waited more than one (1) year to file to lose any right or chance to prove their case.

4.

Our law tries to provide for minors whose rights come to fruition in their minority some methodology to exercise their claim. Louisiana Civil Code Article 197 does not. It excludes the entire class of minors with no provision to protect that right during their minority. For this reason, this Article of the Louisiana Civil Code violates the equal protection clause guaranteed under the United States Constitution and the Louisiana Constitution.

The hearing on all matters was held in April 2024. The trial court ruled from the bench, sustaining the Succession's exception of peremption. A written judgment memorializing this ruling was signed by the trial court on June 14, 2024. Savanna appealed.

Early in the appeal process, we issued an order instructing the trial court to amend its judgment to include the proper decretal language. The trial court, in turn, signed an amended judgment on August 15, 2024, stating that it had sustained the exception of peremption and "that any and all claims of Savanna L. Hutson as filed in the Succession of Victor Preston Clark, III are dismissed."

On appeal, Savanna asserts one assignment of error: "Article 197 of the Louisiana [Civil] Code is unconstitutional as written. The Article discriminates against minor[s] without *due process* of law by taking away the right of inheritance." (Emphasis added). She argues that La.Civ.Code art. 197 is unconstitutional because it violates "the due process clause of the United States Constitution and the Louisiana State Constitution." She then reiterates that La.Civ.Code art. 197 deprives minors of property without due process of law. But all of this is new.

2

In other words, our review of the record shows that there was never a due process challenge in the trial court: due process was never pleaded and never argued. Equal protection—not due process—was the constitutional ground pleaded and adjudicated in the trial court.

The Louisiana Supreme Court established the mandatory procedure for challenging the constitutionality of a statute in *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859. There, the supreme court explained that "a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized." *Id*. at 864–65.

With that in mind, Savanna's motion to dismiss was premised only on federal and state equal protection grounds—nothing else. Due process was never pleaded. And due process was not argued (or even mentioned) at the April 2024 contradictory hearing. Equal protection and due process challenges are distinct, based on different constitutional provisions, requiring different analyses.

"As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by the trial court, or are raised for the first time on appeal." *Johnson v. Montoya*, 13-1951 (La.App. 1 Cir. 5/2/14), 145 So.3d 418, 422; *see also* Uniform Rules—Courts of Appeal, Rule 1–3.

In sum, because due process was not raised in Savanna's motion, because due process was not addressed by the trial court, and because due process is being raised for the first time on appeal, we conclude that review of this issue is inappropriate. The trial court judgment is therefore affirmed.

## DISPOSITION

The trial court judgment sustaining the exception of peremption and dismissing the claims of the appellant, Savanna L. Hutson, is affirmed.  The costs of this appeal are assessed to Savanna L. Hutson.

**AFFIRMED.**